Curia, per

O’Neall, J.
The well considered opinion of this Court, to be found in Rice’s Rep. 171, decided that the plaintiff was entitled to recover. We do not think that we ought to yield to the application to review that decision The only question which is now to be considered is, whether the plaintiff is entitled to recover interest on the count for money had and received. I have no doubt he is. It was so ruled in Bulow vs. Goddard, (1 N. & M’C. R. 45 ;) Barrelli, Torre & Co. vs. Brown & Moses, (1 M’C. R. 449.) It is true, that in the first of these cases, the right was put upon the ground *63 of the defendant having forced the plaintiff to pay him money which he was not entitled to receive. In the other no qualification was suggested ; though, as it was not necessary to the decision of that case, I concede that it is not conclusive authority. But I think the rule there stated has been ever since followed. If, however, there never had been a decision upon the subject, there could not be room for a well founded doubt about it. The use of money is always worth the legal rate of interest. He who receives the money of another, is to be regarded as using it, unless it appears that he received it under such a character or in such a way that he could not use it without violating his duty. He who receives the money of another without any right to retain it, will not be supposed to keep it without putting it to use. The fact of the party being deprived of that which would produce interest, generally entitles him to demand it. It is so in all cases of contract, where payment of a certain sum is delayed after a time limited by writing. In the action for money had and received, the defendant is considered as in the actual use of the plaintiff’s money until the contrary appears. The use of it establishes the plaintiff’s right to interest; and it is perfectly immaterial whether a legal implication or express evidence estáblishes the conclusion that the defendant is in the use of it. This action likewise proceeds upon the notion that the defendant withholds from the plaintiff money to which he is entitled. In either of these points of view, the plaintiff is clearly entitled to interest.
In the case before us, there is still less difficulty, for the demand of the plaintiff against the defendant and Brown was an interest-bearing demand. When he made himself liable for its amount, he took it with all its consequences; and in parting with the fund out of which he had promised to pay it, he deprived the plaintiff of the use of that which would have produced interest to him.
It was not necessary to count upon the interest, for it is an *64 incident of money had and received, and does not depend upon an express promise. Where interest is sought to be recovered upon a book account, its recovery depends upon a promise in fact, and it is, for that reason, necessary to declare on such promise.
Munro for the motion.
Motion dismissed;
Gantt, Richardson, Earle and Butler, JJ. concurring.